UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

FILED 12 NOV '26 11:20 USDC-ORP

UNITED STATES OF AMERICA

v.

GALINA LEBEDENKO

Defendant.

3:24-cr-00061-02-AB

MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. SECTION 3582 (c)(2).. 2026 Amendment to Section 2B1.1(b)(1).

COMES NOW: GALINA LEBEDENKO *1 appearing self represented "Pro Se" and petitions the court for a reduction in sentencing pursuant to 18 U.S.C section 3582(c)(2). change in subsection.

Indeed the November 1st. 2026 amendment impacting the United States Sentence Guidelines U.S.S.G. section 2B1.(b)(1) WILL BE amended by striking the previous language and inserting the following loss (apply the greatest (k) more than $15,000,000 increase in level add (20).

In the instant case of USA v. Galina Lebedenko the amendment provides the court authority to reduce defendant's sentence up to eleven (11) months provided petitioner Galina Lebedenko can meet the additional obligations required to so-order a reduction in sentencing.*2

Respectfully Galina Lebedenko request the court view this motion in a light most favorable to her. Considering the totality of circumstances cumulatively and compelling as a whole thereby meeting the burden required to grant a reduction within the meaning of 3582(c)(2) and 3553(a)...

1 Galina Lebedenko is referred to interchangeably as Mrs. Lebedenko,Galina, Defendant, Petitioner, and moving party.

2 Galina Lebedenko presented a similar motion in the past prematurely to the court. She apologizes for placing a undue burden on the plaintiff and court to respond to previous motions. Respectfully Galina Lebedenko current motion has merit and is on point. She believes the court can now be in agreement with a reduction as presented.

Galina Lebedenko has been subject to a carceral period of thirty two (32) months thus-far. This period includes 14 months of very restricting monitored home detention and her post [3] sentencing on going at the Federal Correctional Institution VIM VICTORVILLE MED. 1 This has been mentally and physically difficult for her. Along with her mental anguish for her parents well being. Mom - Dad were dependent on Galina for commutation and understanding of the English Language, transportation and care as mom - dad are aging seniors requiring on going medical attention.

Galina Lebedenko is now three (3) years removed from her offense. Her unlawful act ended in the 2023. Mrs. Lebedenko record reflects no incidents only solid improvements.

Mrs. Lebedenko would take responsibility for her non-violent crime and enter a guilty plea for her offense. Ref, ECF. 120, In Violation of 18 U.S.C.sections 1349, 1343 and 1956(h).

Mrs. Lebedenko need not recite all the elements of her offense here, but she recognizes the severity of her offense, she has remorse and shame for her actions. These actions are ones she will never repeat again. Her time in prison has helped her to become honest with herself and she has admitted to her character defects of trying to justify her actions as a selfish wrong doer.

GALINA LEBEDENKO WOULD TAKE FINANCIAL
RESPONSIBILITIES FOR HER OFFENSE.

Other valuable consideration in favor of Mrs. Lebedenko is the court can acknowledge was her joint agreement to ease the burden on the court and parties to adjudicate restitution.

Indeed Mrs. Lebedenko would concede to a multi-million dollar judgement in favor of others for her role in the offense of conspiracy wire fraud and money laundering.

Galina Lebedenko would liquidate her possible community property exclusion to make amends for her actions.. Mrs. Lebedenko would waive her defense of innocent spouse relief and surrender her share of assets. These progressive actions speak well of Galina Lebedenko's character and who she is, turning a page, taking responsibility as a re-invented law abiding citizen.

In response to her offense the court would impose a sentence of fifty seven (57) months for Mrs. Lebedenko conspiracy. The offense sentence classification is governed by U.S.S.G. section 2B1.1.

---

3 Pre-trial /home detention can be considered and incorporated into defendants sentence time as it is a punitive period. quoting Reno v. Koray 515 U.S. 50 (1995)

The 2025 U.S.S.G. Base level offense is established at (7) the next calculation is (b) Specific Offense Characteristic. (1) If the loss exceeded calculate— see dollar amount chart... In the instant case of USA v. Galina Lebedenko the loss exceeded $25,000,000 this added (22) to offense level. Mrs. Lebedenko would receive a plus (1) for section 2S1.1(a)(1) and (b)(2)(A). Mrs. Lebedenko would receive a minus (2) reduction for zero point offender. In addition a (3) point reduction for acceptance of responsibility. Indeed the final adjusted offense level for —— Galina Lebedenko was (25). This level would default to the most current sentencing table Zone D with a Criminal History Category of zero, resulting in [57 to 71] months imprisonment.

Galina is grateful that the court elected to sentence her at the lowest end of fifty seven (57) months custodial sentence. Pursuant to 18 U.S.C. section 3553(a) was applied which represented Mrs. Lebedenko characteristics at the time of sentencing. However Galina Lebedenko ask the court to review her post sentence positive behavior when deciding this motion.

THE UNITED STATES SENTENCING GUIDELINES "USSG", NOVEMBER 1 2026 AMENDMENT FOR INFLATIONARY ADJUSTMENTS, IMPACTS THE LOSS TABLE.

This loss table adjustment mitigates Galina Lebedenko custodial sentence duration. Mrs. Lebedenko if sentenced today in a real time status would reflect a adjusted offense level of (23), there by moving the needle of the most current sentencing table resulting in [46 to 57] months imprisonment. (See Exhibit A , This amendment of Inflationary Adjustments is Galina Lebedenko core argument for a sentence reduction pursuant to 3582 (c)(2)... that she relies on.

## ISSUES BEFORE THE COURT

1) At the discretion of the court is a reduction in sentencing warranted at this time for Galina Lebedenko. Quoting U.S.S.G. Section 10(b)(1). ?
2) At the discretion of the court can U.S.S.G. Section 1B1.13(c) LIMITATIONS IN CHANGE IN LAW establish the burden for a reduction should the 2026 amendment to "Basic Economic Offenses" not be subject to retro-activity ?
3) At the courts discretion by applying the standards required under 18 U.S.C. 3553(a) demonstrate the nature and circumstance of the offense and the individual characteristics of Galina Lebedenko rise to the level required for a reduction?

## LEGAL STANDARD

Federal courts normally do not have the authority to modify a sentence once it has been imposed; however, this general rule is subject to a few well-defined narrow exceptions-including a statutory exception under 18 U.S.G. section 3582(c)(2). See e.g.,{2026 U.S. Dist. LEXIS 2} Dillon v. United States, 560 U.S. 817, 824, 310 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) ("Section 3582(c)(2) establishes an exception to the general rule of finality."). Section 3582(c)(2) grants a district court jurisdiction and discretion to reduce a defendant's sentence if the sentence was "based on a sentenceing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. Section 3582(c)(2). In such cases, a court "may reduce the term of imprisonment" only after consideration the factors set forth in Section 3553(a) and ensuring the reduction is "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. Section 3582(c)(2).

The Supreme Court in Dillon announced a two-step test for courts to follow when considering a motion for a sentence reduction under 3582(c)(2). First, a court must "determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 560 U.S. at 827. "A defendant is eligible for a reduction only if (1) the defendant's term of imprisonment was based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines, and (2) the reduction is consistent with U.S.S.B. Section 1B1.10, the policy statement that implements Section 3582(c)(2). "United States v. Mercado-Moreno, 869 F.3d 942, 948-49 (9th Cir. 2017). The relevant policy statement issued by the Sentencing Commission provides that in determining whether and to what extent a defendant is eligible for a sentence {2026 U.S. Dist LEXIS 3} reduction, the court must "determine 'the amended guideline range that would have been applicable to the defendant if [the relevant amendment] has been in effect at the time the defendant was sentenced.'" Id. (quoting U.S.S.G. section 1B1.10(b)(1)). "When making this determination, the court must substitute only the relevant amendment for the 'corresponding guideline provisions that were applied when the defendant was sentenced' and must 'leave all other guideline application decisions unaffected.'" Id. (quoting U.S.S.G. Section 1B1. 10(b)(1)). "A defendant is ineligible for a sentence reduction reduction if the relevant amendment 'does not have the effect of lowering the defendant's applicable guideline range.'" Id. (quoting U.S.S.G. Section 1(B)1.10(a)(B)).

If a defendant is eligible for a sentence reduction under step one of the inquiry, the district court proceeds to step two: "The court must determine whether, in its discretion, 'the authorized reduction is warranted, either in whole or in part, according to the factors set forth in '18 U.S.C. section 3553(a) and "under the particular circumstances of the case." Mercado-Moreno, 869 F.3d at 949 (quoting Dillon, 560 U.S. at 826-27).

Indeed the black line rule of U.S.S.G. section 1B1.10(b)(1) is before the court. Galina Lebedenko sentence under the guideline range of today results in a sentence reduction of eleven (11) months.

Here the sentencing chart range of today is forty six (46) to (57) months imprisonment, the pervious sentence chart range of year 2025 was fifty seven (57) to (71) months imprisonment as a matter of law there is a reduction available.

. Mrs. Galina Lebedenko having met the burden required of step one (1) for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2). The court must next review the factors of 18 U.S.C. section 3553(a).

At first blush if the court were to apply the same application of the law factored previously at Galina Lebedenko sentence hearing could warrant the low end of the sentencing chart range of forty six (46) months, a reduction resulting in eleven (11) months.

In a effort to persuade the court. Mrs. Lebedenko ask the court review the factors of 3553(a) in a real time status.

> Before modifying an imposed term of imprisonment, a Court must consider the sentencing factors set forth in 18 U.S.C. section 3553(a). Those factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for sentence imposed "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, and other correctional treatment in the effective manner." 18 U.S.C. section 3553(a)(2). A district court's "overarching statutory charge . . . is to impose a sentence sufficient, but not greater than necessary.

THE DECISION TO GRANT A REDUCTION IN SENTENCING
IS WITHIN THE SOLE-DISCRETION OF THE COURT

However, the supreme court has admonished sentencing courts to remain mindful of the overall Draconian sentence, "may work to promote respect" but derision for the law, if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in the sentencing. United States v. Gall 552 U.S. 38,52, (2007)

Indeed other valuable consideration is Galina Lebedenko guilty plea and his consistent expression of remorse, by acceptance of full responsibility for his actions. A continued mult-year period of imprisonment is not needed to further impress upon her the need to comply with the law going forward.

United States v. Gall 552 U.S. 38,59,(2007) ("Gall's self-motivated rehabilitation . . lends strong support to the conclusion that imprisonment was not necessary to deter Gall from engaging in future criminal conduct or to protect the public from his future criminal acts")(Citing Sections 3553(a)(2)(B)--(C)).

With respect Galina Lebedenko request the court apply legal precedent below in its evaluation;

Pepper v United States, 552 U.S. 476,492, (2011) (Instructing courts to consider "the most up-to-date picture of the person.)

. . Galina Lebedenko release date with good time credit "GTC" is October 7 of 2028. Here a reduction for Mrs. Lebedenko of eleven (11) months, pursuant to 18 U.S.C. 3582(c)(2) would fast forward Mrs. Lebedenko closer to Home confinement (Exhibit B, is Galina Lebedenko team sheet to verify the above dates and status of her Good Time Credits along with her completed programing.)

Indeed more overly, research has shown that while the certainty of being caught and punished has a deterrent effect, "increases in severity of punishment do not yield significant (if any) marginal deterrent effects." M. Tonry, Purpose and Functions of Sentencing, Crime and Just. 1, 28 (2006).

Moreover, general deterrence is not at issue here in the instant case of Galina Lebedenko. See United States v. Edwards, 595 F. 3d 1004, 1016(9th Cir. 2010) noting that section 3553(a) "does not require the goal of general deterrence to be met through a period of incarceration").

Any remaining prison custody of Galina Lebedenko will merely serve to hinder her ability to step up payments of financial amends to those harmed by her offense along with the collateral adverse effects on the family.

. Indeed Galina Lebedenko is proceeding pursuant to U.S.S.G. 1B1.10.(b)(1). Here the facts demonstrate a reduction meets the conditions of the 2026 amendment along with the current policy statement, applying. The other factors required for consideration pursuant to U.S.C. 18 section 3582(c)(2) are the conditions of 3553(a) all of which Mrs. Lebedenko demonstrates as being met.

## RELIEF REQUESTED

Mrs. Galina Lebedenko is requesting to reduce her sentence by eleven (11) months, this would allow her to exit prison and be process to home confinement and care for her aging and infirm parents. (See declaration of Galina in support of this)

MRS. GALINA LEBEDENKO HAS MADE POSITIVE AND EDUCATIONAL ADVANCEMENTS DURING HER INCARCERATION STAY AT "BOP" VICTORVILLE.

Mrs. Lebedenko has an exemplary record during her incarceration. Mrs. Lebedenko has completed numerous courses successfully offered by the prison education department. (Exhibit B) demonstrates Galina Lebedenko's progress of these courses.

GALINA LEBEDENKO REDUCTION POSES NO THREAT TO THE COMMUNITY OR RISK OF RE-OFFENSE.

Defendant Galina Lebedenko is a first time non-violent offender. A sentence reduction for Mrs. Lebedenko will result into a quick entry into Home confinement, This will still be restrictive and monitored. However it will provide Galina Lebedenko the opportunity to once again care for aging senior parents. It will also provide relief for her 26 year old daughter of shouldering this responsibility. (see declaration of Galina Lebedenko) Mom and Dad do receive a modest social security income , but more importantly Medicare this combination will provide a base income for general necessities and medical. Galina along with her parents will reside with daughter. Indeed Galina will have positive shelter a safe haven of a family home, after years of very uncomfortable prison life. All of this support will give Galina time to achieve gainful employment with a good income and secure work hours that will allow her to continue to care for mom and dad.

Indeed employment means income, it means responsibility, and also a lawful contribution to society. Statistics demonstrate employed felons are less likely to re-offend. The risk of danger to the community should not be concerning to the court as establish here in.

GALINA LEBEDENKO SENTENCE REDUCTION IS CONSISTENT WITH THE 18 U.S.C. SECTION 3553(a)(1) AND (2) SENTENCING FACTORS.

The factors the Court must consider 18 U.S.C. Section 3553(a) favors Galina Lebedenko reduction. The statute directs the court impose a "sufficient but not greater than necessary, sentence to comply with the purpose set forth in paragraphs of Section 3553(a)". "The need for the sentence imposed to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense" (2) afford adequate deterrence to criminal conduct.

Mrs. Galina Lebedenko request the Court to establish forty six (46) months as sufficient to satisfy just punishment and adequate deterrence for her offense.

## CONCLUSION

Galina Lebedenko has met the burden to establish a reduction within the meaning of 18 U.S.G. Section 3582(c)(2).

1) The 2026 Nov. 1 Amendment INFLATIONARY ADJUSTMENTS provides Galina Lebedenko a lawful reduction up to eleven (11) months.

2) In consideration the court at its discretion could apply the U.S.S.G. section 1B1.13(c) limitation on changes in law , as well as 3582 (c)(2) requirement to reduce.

> LIMITATIONS ON CHANGES IN LAW,--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purpose of determining whether an extraordinary and compelling reason exist under this policy statement. However, if a defendant otherwise establishes that this policy statement, a change in the law (including an amendment to the Guideline Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. Section 1B1.13(D) Rehabilitation of defendant can be considered.

> Congress has instructed that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." U.S.S.G. Section 1B1.13(d); 28 U.S.C. Section 994(t). "However, rehabilitation of the defendant while serving the sentence may be considered in combination with {2025 U.S. Dist. LEXIS 24} other considerations in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. Section 1B.13(d); see United States v. Millan, 2020 U.S. Dist. LEXIS 59955, 2020 WL 1674058, at *7 (S.D.M.Y. Apr. 6, 2020) (finding "that rehabilitation, when considered together with the other equitable factors, could constitute 'extraordinary and compelling reason' for a sentence reduction")).

3) Galina Lebedenko meets the condition of 3553(a) Galina Lebedenko is not a danger to the community. Mrs. Lebedenko reduction will result in a positive healing effect for her family. Her accomplishment in prison make her employable, her good attitude and positive outlook. Indeed Galina Lebedenko release will result in a most busy existence to care for aging mother and father and provide the same unconditional love and support that has been provided by her daughter.

4) Galina Lebedenko acknowledges her offense was serious and harmful a offense she will never repeat. Her incarceration at FCI Victorville has been a severe punishment, a loss of liberty brought upon herself for her selfish, self-serving action. However, the individual of that character no longer exist. A, Re- offense is not a option within her mind.

Respectfully Galina Lebedenko request applying a multifaceted analysis and considering the totality of circumstances, there by applying the requirement of 3582 (c)(2) can be granted a sentence of 'forty six (46) resulting in a —— (11) month reduction from her original sentence.

Submitted this 31 day of October 2026

by [signature]

Galina Lebedenko

# EXHIBIT LIST


| | | |
|---|---|---|
| Exhibit (A) .................................. | Amendment Inflationary Adjustments | |
| | The Nov. 1 2026 Amendment | (1) page |
| | Pages-68-69 | (2) pages |
| | Sentencing Table\| misc. | 3) page |
| Exhibit (B).................................. | Inmate Team Sheet Schedule | |
| | of completed courses | (2) pages |

# Exhibit A

5. Part C of the proposed amendment would add a new specific offense characteristic at §2D1.1(b)(16) relating to the distribution of a mixture or substance containing (A) fentanyl or a fentanyl analogue and (B) xylazine. The Commission seeks comment on whether the proposed enhancement is appropriate. The Commission also seeks comment on whether there are other adulterants with similar effects (*e.g.*, medetomidine) to which the enhancement should apply.

6. The proposed enhancement at §2D1.1(b)(17) provides that this enhancement shall not apply if the enhancement at §2D1.1(b)(13) applies. The Commission seeks comment on the interaction between these two enhancements. Does the proposed enhancement at §2D1.1(b)(17) capture conduct and harm that the current enhancement at §2D1.1(b)(13) does not?

**2. INFLATIONARY ADJUSTMENTS** [redacted]

**Synopsis of Proposed Amendment:** This proposed amendment is a result of the Commission's work in examining §2B1.1 (Theft, Property Destruction, and Fraud) and related guidelines to consider whether the loss table should be revised to simplify application or to adjust for inflation. *See* U.S. Sent'g Comm'n, "Notice of Final Priorities," 90 FR 39263 (Aug. 14, 2025). As part of that work, the Commission is considering whether to adjust all monetary tables and values in the guidelines for inflation.



The monetary tables and values in the guidelines, including the monetary values in the fine tables for individual defendants and for organizational defendants, were last revised to account for inflation in 2015. *See* USSG App. C, amend. 791 (effective Nov. 1, 2015). The proposed amendment would amend the monetary tables in the guidelines to adjust for inflation, *i.e.*, the tables in §§2B1.1 (Theft, Property, Destruction, and Fraud), 2B2.1 (Burglary), 2B3.1 (Robbery), 2R1.1 (Bid-Rigging, Price-Fixing or Market-Allocation Agreements Among Competitors), 2T4.1 (Tax Table), 5E1.2 (Fines for Individual Defendants), and 8C2.4 (Base Fine). The proposed amendment would adjust the monetary tables and values in the guidelines using a specific multiplier derived from the Bureau of Labor Statistics' Consumer Price Index and then would round the amounts using a set of rules extrapolated from the provisions for adjusting monetary penalties for inflation set forth in section 5(a) of the Federal Civil Penalties Inflation Adjustment Act of 1990. This is the same methodology the Commission used in 2015. *See* USSG App. C, amend. 791 (effective Nov. 1, 2015).

In addition, the proposed amendment adjusts for inflation the monetary value in specific offense characteristics in other Chapter Two guidelines and includes conforming changes to guidelines that refer to the monetary tables.

Issues for comment are also provided.

**Proposed Amendment:**

Section 2B1.1(b)(1) is amended by striking the following:

"If the loss exceeded $6,500, increase the offense level as follows:

| | *Loss* (Apply the Greatest) | *Increase in Level* |
|---|---|---|
| (A) | $6,500 or less | no increase |
| (B) | More than $6,500 | add 2 |
| (C) | More than $15,000 | add 4 |
| (D) | More than $40,000 | add 6 |
| (E) | More than $95,000 | add 8 |
| (F) | More than $150,000 | add 10 |
| (G) | More than $250,000 | add 12 |
| (H) | More than $550,000 | add 14 |
| (I) | More than $1,500,000 | add 16 |
| (J) | More than $3,500,000 | add 18 |
| (K) | More than $9,500,000 | add 20 |
| (L) | More than $25,000,000 | add 22 |
| (M) | More than $65,000,000 | add 24 |
| (N) | More than $150,000,000 | add 26 |
| (O) | More than $250,000,000 | add 28 |
| (P) | More than $550,000,000 | add 30."; |



and inserting the following:

"If the loss exceeded $9,000, increase the offense level as follows:

| | *Loss* (Apply the Greatest) | *Increase in Level* |
|---|---|---|
| (A) | $9,000 or less | no increase |
| (B) | More than $9,000 | add 2 |
| (C) | More than $20,000 | add 4 |
| (D) | More than $55,000 | add 6 |
| (E) | More than $150,000 | add 8 |
| (F) | More than $200,000 | add 10 |
| (G) | More than $350,000 | add 12 |
| (H) | More than $750,000 | add 14 |
| (I) | More than $2,000,000 | add 16 |
| (J) | More than $5,000,000 | add 18 |
| (K) | More than $15,000,000 | add 20 |
| (L) | More than $35,000,000 | add 22 |
| (M) | More than $90,000,000 | add 24 |
| (N) | More than $200,000,000 | add 26 |
| (O) | More than $350,000,000 | add 28 |
| (P) | More than $750,000,000 | add 30.". |

## SENTENCING TABLE
(in months of imprisonment)

| | Offense Level | Criminal History Category (Criminal History Points) I (0 or 1) | II (2 or 3) | III (4, 5, 6) | IV (7, 8, 9) | V (10, 11, 12) | VI (13 or more) |
|---|---|---|---|---|---|---|---|
| | 1 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 |
| | 2 | 0–6 | 0–6 | 0–6 | 0–6 | 0–6 | 1–7 |
| | 3 | 0–6 | 0–6 | 0–6 | 0–6 | 2–8 | 3–9 |
| | 4 | 0–6 | 0–6 | 0–6 | 2–8 | 4–10 | 6–12 |
| Zone A | 5 | 0–6 | 0–6 | 1–7 | 4–10 | 6–12 | 9–15 |
| | 6 | 0–6 | 1–7 | 2–8 | 6–12 | 9–15 | 12–18 |
| | 7 | 0–6 | 2–8 | 4–10 | 8–14 | 12–18 | 15–21 |
| | 8 | 0–6 | 4–10 | 6–12 | 10–16 | 15–21 | 18–24 |
| | 9 | 4–10 | 6–12 | 8–14 | 12–18 | 18–24 | 21–27 |
| Zone B | 10 | 6–12 | 8–14 | 10–16 | 15–21 | 21–27 | 24–30 |
| | 11 | 8–14 | 10–16 | 12–18 | 18–24 | 24–30 | 27–33 |
| | 12 | 10–16 | 12–18 | 15–21 | 21–27 | 27–33 | 30–37 |
| Zone C | 13 | 12–18 | 15–21 | 18–24 | 24–30 | 30–37 | 33–41 |
| | 14 | 15–21 | 18–24 | 21–27 | 27–33 | 33–41 | 37–46 |
| | 15 | 18–24 | 21–27 | 24–30 | 30–37 | 37–46 | 41–51 |
| | 16 | 21–27 | 24–30 | 27–33 | 33–41 | 41–51 | 46–57 |
| | 17 | 24–30 | 27–33 | 30–37 | 37–46 | 46–57 | 51–63 |
| | 18 | 27–33 | 30–37 | 33–41 | 41–51 | 51–63 | 57–71 |
| | 19 | 30–37 | 33–41 | 37–46 | 46–57 | 57–71 | 63–78 |
| | 20 | 33–41 | 37–46 | 41–51 | 51–63 | 63–78 | 70–87 |
| | 21 | 37–46 | 41–51 | 46–57 | 57–71 | 70–87 | 77–96 |
| | 22 | 41–51 | 46–57 | 51–63 | 63–78 | 77–96 | 84–105 |
| | 23 | 46–57 | 51–63 | 57–71 | 70–87 | 84–105 | 92–115 |
| | 24 | 51–63 | 57–71 | 63–78 | 77–96 | 92–115 | 100–125 |
| | 25 | 57–71 | 63–78 | 70–87 | 84–105 | 100–125 | 110–137 |
| | 26 | 63–78 | 70–87 | 78–97 | 92–115 | 110–137 | 120–150 |
| | 27 | 70–87 | 78–97 | 87–108 | 100–125 | 120–150 | 130–162 |
| Zone D | 28 | 78–97 | 87–108 | 97–121 | 110–137 | 130–162 | 140–175 |
| | 29 | 87–108 | 97–121 | 108–135 | 121–151 | 140–175 | 151–188 |
| | 30 | 97–121 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 |
| | 31 | 108–135 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 |
| | 32 | 121–151 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 |
| | 33 | 135–168 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 |
| | 34 | 151–188 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 |
| | 35 | 168–210 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 |
| | 36 | 188–235 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 |
| | 37 | 210–262 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life |
| | 38 | 235–293 | 262–327 | 292–365 | 324–405 | 360–life | 360–life |
| | 39 | 262–327 | 292–365 | 324–405 | 360–life | 360–life | 360–life |
| | 40 | 292–365 | 324–405 | 360–life | 360–life | 360–life | 360–life |
| | 41 | 324–405 | 360–life | 360–life | 360–life | 360–life | 360–life |
| | 42 | 360–life | 360–life | 360–life | 360–life | 360–life | 360–life |
| | 43 | life | life | life | life | life | life |




Congress, however, has created limit exceptions to this rule, including for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). For such a defendant, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The decision whether to reduce a sentence under § 3582(c)(2) is discretionary. *United States v. Townsend*, 98 F.3d 510, 512 (9th Cir. 1996). "It is the defendant's burden to establish that he warrants a § 3582(c)(2) reduction." *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## §1B1.10. Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)

(a) AUTHORITY.—

(1) IN GENERAL.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) EXCLUSIONS.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—

(A) none of the amendments listed in subsection (d) is applicable to the defendant; or

(B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) LIMITATION.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.—

(1) IN GENERAL.—In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

# Exhibit B

**Individualized Needs Plan - Program Review (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: LEBEDENKO, GALINA 95876-510

SEQUENCE: 02423776
Team Date: 05-20-2026

| | | | |
|---|---|---|---|
| Facility: | VIM VICTORVILLE MED I FCI | Proj. Rel. Date: | 10-07-2028 [redacted] |
| Name: | LEBEDENKO, GALINA | Proj. Rel. Mthd: | FIRST STEP ACT RELEASE |
| Register No.: | 95876-510 | DNA Status: | VIM08963 / 05-01-2025 |
| Age: | 50 | | |
| Date of Birth: | 08-31-[redacted] | | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

**Inmate Photo ID Status**

No photo ID - Expiration: null

**Current Work Assignments**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | C-F/S AM | FOOD SERVICE AM | 03-27-2026 |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| VIM | ESL HAS | ENGLISH PROFICIENT | 04-23-2025 |
| VIM | GED HAS | COMPLETED GED OR HS DIPLOMA | 04-23-2025 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| VIM SCP | C | T-DOULA CERTIFICATION PROGRAM | 11-26-2025 | 02-12-2026 |
| VIM SCP | C | RELEASE PREPARATION UNIT C | 02-11-2026 | 02-11-2026 |
| VIM SCP | C | BEADING | 10-20-2025 | 11-24-2025 |
| VIM SCP | C | BEADING | 06-16-2025 | 07-21-2025 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 06-20-2025 |
| CARE1-MH | CARE1-MENTAL HEALTH | 05-16-2025 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| LOWER BUNK | LOWER BUNK REQUIRED | 03-27-2026 |
| NO PAPER | NO PAPER MEDICAL RECORD | 04-22-2025 |
| OTHER | OTHER MEDICAL RESTRICTION | 06-20-2025 |
| REG DUTY W | REGULAR DUTY W/MED RESTRICTION | 06-20-2025 |
| YES F/S | CLEARED FOR FOOD SERVICE | 06-20-2025 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| ED NONE | DRUG EDUCATION NONE | 06-07-2025 |

**FRP Payment Plan**

Most Recent Payment Plan

**FRP Assignment:** **PART** **FINANC RESP-PARTICIPATES** **Start: 08-05-2025**

Inmate Decision: **AGREED** **$25.00** Frequency: **MONTHLY**
Payments past 6 months: **$150.00** Obligation Balance: **$33,285,350.30**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $300.00 | $75.00 | IMMEDIATE | AGREED |

| Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|

**Individualized Needs Plan - Program Review (Inmate Copy)**

Dept. of Justice / Federal Bureau of Prisons

Plan is for inmate: LEBEDENKO, GALINA 95876-510

SEQUENCE: 02423776

Team Date: 05-20-2026

**Most Recent Payment Plan**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|

| Adjustments: | Date Added | Facl | Adjust Type | Reason | Amount |
|---|---|---|---|---|---|
| | 05-12-2026 | VIM | PAYMENT | INSIDE PMT | $25.00 |
| | 04-14-2026 | VIM | PAYMENT | INSIDE PMT | $25.00 |
| | 03-12-2026 | VIM | PAYMENT | INSIDE PMT | $25.00 |
| | 02-12-2026 | VIM | PAYMENT | INSIDE PMT | $25.00 |
| | 01-13-2026 | VIM | PAYMENT | INSIDE PMT | $25.00 |
| | 12-12-2025 | VIM | PAYMENT | INSIDE PMT | $25.00 |

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 2 | REST FV | $33,285,275.30 | $33,285,275.30 | IMMEDIATE | AGREED |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

**FRP Deposits**

Trust Fund Deposits - Past 6 months: $ N/A Payments commensurate ? N/A

New Payment Plan: ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 06-07-2025 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 05-20-2026 |
| N-ANTISO N | NEED - ANTISOCIAL PEERS NO | 05-20-2026 |
| N-COGNTV N | NEED - COGNITIONS NO | 05-20-2026 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 04-23-2025 |
| N-EDUC N | NEED - EDUCATION NO | 05-20-2026 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 05-20-2026 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 05-20-2026 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 05-20-2026 |
| N-MEDICL N | NEED - MEDICAL NO | 05-20-2026 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 05-20-2026 |
| N-SUB AB N | NEED - SUBSTANCE ABUSE NO | 05-20-2026 |
| N-TRAUMA Y | NEED - TRAUMA YES | 05-20-2026 |
| N-WORK N | NEED - WORK NO | 05-20-2026 |
| R-MIN | MINIMUM RISK RECIDIVISM LEVEL | 05-20-2026 |

**Progress since last review**

Since previous review, LEBEDENKO completed the VVC VT Training. She has maintained clear conduct, and she reports to work daily.

**Next Program Review Goals**

By next review enroll in the Culinary Arts program. Maintain clear conduct and report to work daily.

**Long Term Goals**

Long term goals, maintain clear conduct and report to work daily. Continue participating in the Culinary Arts program.

**RRC/HC Placement**

No.
null.

**Comments**

** No notes entered **

. THE FOLLOWING BOP COMPLETED COURSES WILL BE REFLECTED IN GALINA LEBEDENKO-95876-510 NEXT TEAM.

Completed FSA Classes

1. House of Healing 13 weeks
2. Financial Literacy 7-weeks
3. Talking with your Doctor 5-hours
4. Threshold 9-months, Graduated 02/09/2026
5. Embracing Interfaith Cooperation 7-hours
6. Inside and Out 5-weeks
7. Trauma in Life 4-weeks

VT Classes

1. Doula 12/02/2025 thru 02/12/2026
2. Prison Doula graduation Feb-2026
3. OSHA 30
4. CPR/AED
5. Work force Readiness
6. forklift Operator
7. Finical Literacy

Recreation

1. Beginners Beading Course
2. Ceramics Course
3. Stronger Back and ABS Class
4. Beginners Water Color Painting Course

Non FSA Religious Classes

1. Alpha Course 15-sessions with Warden Lepe and Chaplin Ashforth
2. Better Decisions, Fewer Regrets 6-weeks
3. 30-days Understanding Bible 6-weeks
4. Taking Responsibility for your Life 4-weeks
5. Twelve Women's of the Bible 12-weeks
6. Soul Detox 6-weeks
7. Names of God 52-weeks

*

CERTIFICATE OF SERVICE

I, Galina declare and state; I Deposited in US. MAIL

at the Victorville postal mail box, the below listed documents addressed to the

Office of the Clerk, District Court of Oregon.

Motion for reduction in sentence.
Exhibits A through B
Supporting declaration

Delivery address with adequate postage via US Postal Service.

United States District Court
District of Oregon, Portland Division
United States Courthouse
1000 SW Third Ave
Portland, OR 97204

AUSA /Sandra Barr delivered ECF.
1000 SW Third Ave. #600
Portland, OR 97204

All other parties requiring notice who have appeared in this case will be notified

via Electronic Court Filing System, "ECF"

Certified this 31 day of October, 2026

By ____________________
Galina Lebedenko
Reg. No. 957876-510
Federal Correctional Institution
prison CAMP
PO Box 5300
Adelanto , CA. 92301